

# NUMBER 13-23-00080-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**IN RE CONAR CONSTRUCTION, LLC**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Memorandum Opinion by Chief Justice Contreras[1]**

On February 27, 2023, relator Conar Construction, LLC filed a petition for writ of mandamus through which it asserted that the trial court abused its discretion by denying relator's plea in abatement under the Residential Construction Liability Act (Act) because the real party in interest, Adan Gonzalez, failed to comply with the "Notice and Offer of

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Settlement" provision of the Act. *See* TEX. PROP. CODE ANN. § 27.004. Relator also filed a motion for emergency stay of the trial court proceedings pending the resolution of its petition for writ of mandamus.

This Court granted relator's motion for emergency stay, ordered the trial court proceedings to be stayed, and requested Gonzalez to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8, 52.10(b). We have now received and reviewed Gonzalez's response to the petition for writ of mandamus. Gonzalez addresses the merits, requests that we lift the stay previously imposed in this case, and requests that we impose sanctions against relator for filing a petition for writ of mandamus which is "frivolous, without merit, and merely a delay tactic."

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Gonzalez, and the applicable law, is of the opinion that relator has

2

not met its burden of proof to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus. We grant Gonzalez's motion to lift the stay, and we lift the stay imposed in this case. *See* TEX. R. APP. P. 52.10 ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We have carefully considered Gonzalez's motion for sanctions against relator, and we deny that motion as it pertains to this original proceeding. We are confident that the trial court will take any steps deemed necessary to ensure that further proceedings in this case will be conducted in accordance with all applicable professional standards.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
3rd day of March, 2023.